IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No.  3:19-CR-75-PLR-DCP-1 |
| SHAWN B. FITTS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate.

Now before the Court are Defendant Fitts' Motion for Evidence Arguably Subject to Suppression Under Rule 12(b)(4)(B) [Doc. 169], Motion for Notice of Any Rule 404(b) Evidence [Doc. 170], Motion for Disclosure of Cooperating Individuals [Doc. 172], Motion for Disclosure of Persons Present [Doc. 174], Motion for Hearing on Expert Testimony [Doc. 176], Motion to Compel Government Witness and Exhibit List [Doc. 178], Motion for Disclosure of Exculpatory Evidence [Doc. 180], and Motion for Pretrial Written Notice of any Impeaching Conviction [Doc. 181].

For the reasons discussed in full below, Defendant's Motion for Pretrial Written Notice of Any Impeaching Conviction [Doc. 181] will be **GRANTED IN PART**, while Defendant's remaining motions [Docs. 169, 170, 172, 174, 176, 178, and 180] will be **DENIED**.

## I. DEFENDANT'S MOTION FOR NOTICE OF ANY RULE 404(B) EVIDENCE

Defendant Fitts requests [Doc. 170] that the Court order the Government to give notice of its intention to introduce any evidence of "other crimes, wrongs, or acts" pursuant to Federal Rule of Evidence 404(b). Defendant Fitts seeks for the Government to identify the issues on which it believes the other acts are relevant under Rule 404(b), whether the evidence will be introduced by a documentary exhibit, and any witness who will give testimony about or lay the foundation for the entry of any such evidence, as well as a summary of their testimony.

The Government responds [Doc. 199] that the Court's scheduling order directs the Government to provide notice of the general nature of any Rule 404(b) evidence that it intends to introduce at trial at least seven days before trial. Therefore, the Government submits that while it is not aware of any evidence pursuant to Rule 404(b) that it intends to offer at trial at this time, it objects to any required earlier notice of Rule 404(b) evidence.

Federal Rule of Evidence 404(b)(2)(A) provides that upon the defendant's request, the Government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." The Court's Order on Discovery and Scheduling [Doc. 38 at ¶ I] [1] states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. Additionally, Defendant has failed to provide a compelling need for an earlier disclosure. Therefore, the Court finds no reason to disturb the seven-day time frame provided in the previous Order on Discovery and Scheduling [Doc. 38].

---

[1] The Court notes that while the specific dates listed in the Order on Discovery and Scheduling [Doc. 38] have been amended several times, the Order's directions on the scope and timing of discovery are controlling with regard to all parties. *See, e.g.*, *United States v. Cole*, No. 3:08-CR-48, 2009 WL 596008, at *7 n.5 (E.D. Tenn. Mar. 6, 2009).

With regard to the type of information the Government must provide in its Rule 404(b) notice, the Sixth Circuit has held that the "government's notice must characterize the prior conduct to a degree that fairly apprises the defendant of its general nature." *United States v. Barnes,* 49 F.3d 1144, 1148–49 (6th Cir. 1995); *see, e.g.*, *United States v. Gonzalez*, 501 F.3d 630, 637 (6th Cir. 2007) ("Under Rule 404(b), when the defendant requests notification of the government's intent to introduce other-acts evidence, the government must provide such notice in a reasonable form and manner."). Such notice must be sufficiently clear that the issue of its admissibility can be resolved pretrial. *Barnes*, 49 F.3d at 1149. Furthermore, the Advisory Committee Notes to Rule 404 confirm that the Government must only provide general information in its notice:

> [N]o specific form of notice is required. The Committee considered and rejected a requirement that the notice satisfy the particularity requirements normally required of language used in a charging instrument. Instead, the Committee opted for a generalized notice provision which requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts. The Committee does not intend that the amendment will supercede other rules of admissibility or disclosure, such as the Jencks Act, 18 U.S.C. § 3500, et. seq. nor require the prosecution to disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under Federal Rule of Criminal Procedure 16.

Fed. R. Evid. 404(b), Advisory Committee Notes on 1991 Amendments (citation omitted).

Therefore, the Court finds that Defendant Fitts is not entitled to the requested level of detail or the specific requests in the notice of Rule 404(b) evidence. Instead, the Government is simply ordered to give notice of the general nature of any Rule 404(b) evidence it intends to introduce at trial consistent with the Court's Order on Discovery and Scheduling [Doc. 38]. If Defendant Fitts believes that the Government is not entitled to introduce the evidence of which it gives notice, he may file a motion *in limine* seeking its exclusion. The Government's response to such motion will inform the Defendant of the theory or element which the Government believes provides the basis

3

for the evidence's admissibility under Rule 404(b). Thus, the Court finds that a general notice would not prevent Defendant from preparing to exclude the 404(b) evidence.

Moreover, the Court notes that "because the notice mandate under Rule 404(b) is not meant to require the Government to 'disclose directly or indirectly the names and addresses of its witnesses,' Fed. R. Evid. 404 advisory committee's note, [Defendant Fitts'] request for such information in the Government's notice is improper." *See United States v. Mills*, No. 16-CR-20460, 2019 WL 409659, at *5 (E.D. Mich. Feb. 1, 2019) (collecting cases). Accordingly, Defendant Fitts' Motion for Rule 404(b) Evidence [**Doc. 170**] will be **DENIED**.

## II. DEFENDANT'S MOTION FOR DISCLOSURE OF COOPERATING INDIVIDUALS AND MOTION FOR DISCLOSURE OF PERSONS PRESENT

Defendant Fitts seeks [Doc. 172] for the Court to order the Government to disclose "the names, addresses, and present locations of any confidential informants, informants, witnesses, confidential sources, cooperating witnesses, or other sources of information . . . who participated in any way, or were material witnesses to any of the event forming the basis for the Search Warrant and/or events charged in the indictment." [*Id.* at 1]. Defendant requests additional information about these potential informants or witnesses, such as whether these individuals were suspected or convicted of a crime at any time during which they agreed to gather information, any financial arrangements entered into, or any information tending to show that the informant or witness suffers from any material defect in perception, memory, veracity, or articulation. [*Id.* at 2–8]. Defendant Fitts also seeks [Doc. 174] the disclosure of "the identity and address of all persons who were present or participated in any of the alleged conduct on which the charges against [him] are based, and who may have knowledge of facts bearing on [his] guilt or innocence." [*Id.* at 1].

Defendant claims that the Government's limited privilege with regard to an informant's identity is outweighed by his right to a fair trial under *Roviaro v. United States*, 353 U.S. 53 (1957).

4

[Doc. 173 at 1]. Defendant asserts that the Government's case against him revolves around "the testimony of informants, informers, and cooperating individuals," and thus the identity and whereabouts of these individuals is necessary for him to effectively prepare for trial. [*Id.* at 2]. Defendant asserts that he is seeking the identity and address of any individual who was present or participated in any of the alleged conduct on which the conspiracy charges were based under *Roviaro* because of the importance to his defense of being able to call as a witness an individual who was present for any of the alleged conduct. [Doc. 175 at 2].

The Government responds [Doc. 201] that Defendant cannot meet his burden for the disclosure of informants under *Roviaro*. Further, the Government submits that it will provide any *Brady* materials to Defendant as soon as it becomes aware of any, as well as provide Jencks and *Giglio* material the Friday before the trial is scheduled to begin.

In *Roviaro v. United States*, the Supreme Court stated that the Government possesses a limited privilege to "withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." 353 U.S. 53, 59 (1957). However, "[w]here the disclosure of an informer's identity, or of the contents of his communications, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60–61. In deciding whether a confidential informant's identity should be disclosed, "trial courts must balance the public's interest in protecting the flow of information against the defendant's right to prepare a defense." *United States v. Beals*, 698 F.3d 248, 270 (6th Cir. 2012). Courts should consider the "particular circumstances of each case," such as "the crime charged, the possible defenses, [and] the possible significance of the informer's testimony[.]" *Id.* (brackets in original) (quoting *Roviaro*, 353 U.S. at 62). Finally, "[a]n informant must be disclosed only upon a showing by the defendant that

5

disclosure is essential to a fair trial." *United States v. Dexta*, 136 F. App'x 895, 904 (6th Cir. 2005) (quoting *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992)).

Ultimately, Defendant must "show how disclosure of the informant would substantively assist his defense." *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992); *see also United States v. Ray*, 803 F.3d 244, 274 (6th Cir. 2015) ("A defendant must provide some evidence that disclosure of the informant's identity would assist in his defense before disclosure will be warranted."); *United States v. Sierra–Villegas*, 774 F.3d 1093, 1109 (6th Cir. 2014) ("[A]n in camera hearing is not required when the defendant fails to identify how the informant's testimony could be relevant or helpful.").

Defendant has failed to establish a specific need for the identity of any informants or cooperating individuals, as he solely claims that the Government's case concerning the conspiracy charges "appear[s] to come from the testimony of informants, informers, and cooperating individuals." [Doc. 173 at 2]. Defendant, however, does not identify "the likelihood that [an informant] possesses necessary information for the defendant's sole defense" or present more than a general statement about the need to effectively prepare for trial. *See United States v. Shanklin*, 924 F.3d 905, 915 (6th Cir. 2019) (noting "[a]dmittedly, our precedent has not specified what kind of evidence (and what amount) a defendant is required to produce before he successfully requests disclosure"). Ultimately, "[a] defendant must provide some evidence that disclosure of the informant's identity would assist in his defense before disclosure will be warranted," *Ray*, 803 F.3d at 274, and "[m]ere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure" *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir. 1985) (internal quotation marks omitted).

With respect to Defendant's request for the Government to provide the names of coconspirators or other individuals involved in his alleged participation in the conspiracy, "the

6

government is not obliged to provide the names of a defendant's alleged co-conspirators." *United States v. Page*, 575 F. App'x 641, 643 (6th Cir. 2014) (internal citations omitted). "[T]he Sixth Circuit has held the government is not required to furnish in a bill of particulars the names of co-conspirators or other persons present when a defendant allegedly participated in a conspiracy." *United States v. Assad*, No. 2:18-CR-140, 2019 WL 4054988, at *3 (E.D. Tenn. Aug. 27, 2019) (citing *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991)); *see, e.g.*, *United States v. Hofstetter*, No. 3:15-CR-27-TAV-CCS, 2018 WL 813254, at *7 (E.D. Tenn. Feb. 9, 2018) ("Thus, the Government is not required to reveal the names of unindicted coconspirators.") (citing *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004)).

Accordingly, Defendant Fitts' Motion for Disclosure of Cooperating Individuals [**Doc. 172**] and Motion for Disclosure of Persons Present [**Doc. 174**] will be **DENIED**.

### III.  DEFENDANT'S MOTION FOR HEARING ON EXPERT TESTIMONY AND DISCLOSURE OF DOCUMENTS

Defendant Fitts seeks [Doc. 176] for the Court to order a pretrial hearing under *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993) to determine which, if any, government witnesses may testify as an expert. Defendant also requests the disclosure of materials, such as a curriculum vitae and any certifications, or any preliminary drafts and reports relating to the expert's investigation and report, which he claims "are necessary to establish the witness as an expert and are vital to conducting any meaningful voir dire, including but not limited to, establishing the proffered witness' credentials as well as the bases for the expert opinions." [Doc. 177 at 2–3].

The Government responds [Doc. 205] that the motion is premature because the Court's Order on Discovery and Scheduling [Doc. 38] directs the Government to provide expert disclosures at least twenty-one days in advance of trial. The Government states that it intends to

7

comply with the Court's Order, including providing expert reports as required by Fed. R. Crim. P. 16(a)(1)(G).

Here, the Court finds Defendant's request for a *Daubert* hearing is premature. The Government has not provided Defendant with the notice required by Fed. R. Crim. P. 16 and the Court's Order on Discovery and Scheduling signaling its intention to offer expert testimony. The Government is required to provide this notice at least three weeks before trial. Therefore, because Defendant has not received any discovery regarding expert witnesses that the government may call to testify, the Court finds there is no basis for it to conduct a pretrial *Daubert* hearing at this time. "Furthermore, *Daubert* hearings are not conducted as a matter of course, just because an expert is involved, but only if Defendant sets forth a good faith basis for conducting the same." *United States v. Bennett*, No. 3:07-CR-81, 2008 WL 701644, at *9 (E.D. Tenn. Mar. 13, 2008).

Additionally, Federal Rule of Criminal Procedure 16(a)(1)(G) states "At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in chief." The Court's Order on Discovery and Scheduling [Doc. 38 at ¶ A(3)] also instructs the Government to turn over to Defendant:

> Results or reports of physical or mental examinations, and of scientific tests, including, without limitation, any handwriting analysis or experiments, which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial, and, as soon as possible but at least three weeks before trial, unless the Court orders otherwise.

Defendant has failed to demonstrate his entitlement to any materials not included under Federal Rule of Criminal Procedure 16 or the Court's Order on Discovery and Scheduling. Additionally, the Court has already detailed that a *Daubert* hearing is premature at this time. Therefore, Defendant's Motion for Hearing on Expert Testimony and Disclosure of Documents [**Doc. 176**] will be **DENIED**.

## IV. DEFENDANT'S MOTION TO COMPEL GOVERNMENT WITNESS AND EXHIBIT LIST

Defendant requests [Doc. 178] for the Court to order the Government to provide a witness and exhibit list to defense counsel at least thirty days before trial. He contends that pretrial disclosure of the Government's witnesses and exhibits is necessary in this case to ensure his rights to a fair and speedy trial, effective assistance of counsel, and due process. Defendant asserts that such disclosure is necessary because of the "alleged conspiracy with participants and witnesses in at least Georgia and Tennessee." [*Id.*]. The Government responds [Doc. 200] that "the defendant provides no justification to support" his request for the court to order the production of an exhibit and witness list, as well as that "applicable case law calls for a denial of this Motion, given the circumstances of the case."

As a general rule, the Government is not required to disclose the names of its witnesses before trial. *See United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir.), *cert. denied*, 510 U.S. 903 (1993); *United States v. McCullah*, 745 F.2d 350, 353 (6th Cir. 1984); *see also United States v. Turner*, 91 F. App'x 489, 491 (6th Cir. 2004) (holding that a "defendant in a non-capital case . . . is not entitled to know in advance of trial who will testify for the government"). *But see Roviaro v. United States*, 353 U.S. 53, 60-64 (1957) (holding that the informer's privilege does not prevent the disclosure of the identity of active participants in the crime). This general rule is tempered by the Government's obligation under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), to provide the defendant with information that is favorable to his defense and material to either guilt or punishment. The Government "acts at its own peril" if it fails to provide *Brady* materials in a timely fashion. *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988).

The Court has discretion to order the Government to produce discovery not required by Federal Rule of Criminal Procedure 16, including a witness or exhibit list, pursuant to its inherent

9

powers. *United States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980) (holding that the district court has the discretion to order the prosecution to produce a witness list); *Presser*, 844 F.2d at 1285 n.12 (observing that "a trial court may have some inherent power to enter specific orders compelling the disclosure of specific evidence when justice requires it"); *see also United States v. Powell*, No. 12–20246, 2012 WL 6096600, *6 (E.D. Mich. Dec. 7, 2012) (observing that the district court has discretion to order the government to produce a witness list).

> As a general matter, courts weigh the interests of a defendant in receiving the witness list against the government's countervailing interest in keeping the witness information undisclosed. In balancing these interests, courts have considered the following factors: (i) whether disclosure of the witness list would expedite trial and facilitate docket control, *see United States v. Jackson*, 508 F.2d 1001, 1007 (7th Cir. 1975); (ii) whether disclosure would cause a security issue for the government witnesses, *see United States v. Watson*, 787 F.Supp.2d 667, 674–675 (E.D. Mich. 2011); (iii) the amount of time the defendant already had to research potential witnesses and prepare for investigation, *see United States v. Williams*, No. 06–CR–20411, 2010 WL 272082, at *2 (E.D. Mich. Jan. 15, 2010); and (iv) whether the government previously turned over information with the identities of government witnesses. *See Watson*, 787 F. Supp. 2d at 674.

*Powell*, 2012 WL 6096600, at *6.

In the instant case, the Court finds the factors enumerated in *Powell* weigh against disclosure. First, although disclosure of a witness list may serve to expedite the trial, the Court has already encouraged the Government, in the Order on Discovery and Scheduling [Doc. 38 ¶ O], to disclose Jencks Act materials pretrial. The Government states that it will provide Jencks Act materials the Friday before the trial is scheduled to begin. The Court finds that the pretrial disclosure of Jencks Act materials will similarly serve to expedite the trial.

With regard to the second factor, the Court finds the potential for witness intimidation to weigh in favor of nondisclosure of a witness list in this case. The Indictment [Doc. 95] charges a large drug-trafficking conspiracy, as well as that Defendant knowingly possessed a firearm in furtherance of a drug trafficking crime. With regard to pretrial release or detention, drug

10

trafficking is deemed to be inherently dangerous. *See United States v. Hernandez*, 2002 WL 1377911, *2 (E.D. Tenn. Feb. 27, 2002) (Edgar, J.). Defendant was also ordered detained pending trial, as the Court found by "clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community." [Doc. 84]. Moreover, the Court observes that early disclosure raises the possibility of threats, intimidation, assault in jail, physical harm to confidential informants, and witnesses no longer willing to testify. In the instant case, the Government seeks to protect the identity of confidential sources until close to trial.

The Court finds that the third and fourth *Powell* factors also weigh against the provision of a witness or exhibit list. By the August 11, 2020 trial date, Defendant Fitts will have had approximately ten months to prepare for trial. Although the discovery in this case is significant, the defense has had ample time to review it. Finally, the Court again notes that the Government agrees to provide the Jencks Act materials, which will reveal the Government's witnesses, on the Friday before trial.

The Court finds that it should exercise its discretion to order the parties to disclose their witnesses significantly in advance of trial only in the rare and unusual case. In this case, the Court finds the Defendant has not shown any particular or specialized need for notice of the Government's witnesses or exhibits thirty days before trial, while the Government seeks to protect the identities of its witnesses for their safety. As it does in every case, the Court encourages counsel to meet in advance of trial to review the trial exhibits with a view toward stipulating the admissibility of as many exhibits as possible. Accordingly, the Defendant's motion [**Doc. 178**] for the Court to order the Government to disclose a witness and exhibit list at least thirty days before trial will be **DENIED**.

## V. MOTION FOR DISCLOSURE OF EXCULPATORY EVIDENCE

Defendant Fitts seeks [Doc. 180] for the Court to compel the Government to provide specific exculpatory and impeaching information. In relevant part, Defendant Fitts requests "[a]ny evidence, material or information that would tend to impeach the credibility of any person the United States intends to call as a witness," with several specific requests: "[a]ny and all statements, testimony . . . relating to this case or any portion thereof by any person that contradict . . . any statement . . . that the United States intends to use;" all "evidence that tends to minimize or negate the probative effect of the United States' evidence of Defendant's participation in the allegations set forth" in the Superseding Indictment; and "[a]ny evidence, statement or information in the possession of the United States describing or relating to the conduct of the Defendant that in any way refutes or is inconsistent with his participation in the alleged offense." [*Id.*].

The Government responds [Doc. 202] that Defendant's motion "asks the Court to order the United States to provide pretrial exculpatory evidence and any impeachment information relevant to the credibility of the Government's witnesses," much of which was already requested in Defendant's previous motions [Docs. 172, 174]. The Government cites to *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988) to claim that Federal Rule of Criminal Procedure 16 does not provide authority for compelling pretrial disclosure of impeachment information under *Brady v. Maryland*, 373 U.S. 83 (1963). Further, the Government submits that it will follow the requirements of *Brady* and provide any *Brady* material as soon as it becomes aware of it, while also providing Jencks and *Giglio* material the Friday before the trial is scheduled to begin.

The discovery available in criminal cases is generally detailed in: (1) Federal Rule of Criminal Procedure 16; (2) the Jencks Act, 18 U.S.C. § 3500; and (3) the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny.

12

The Supreme Court has held that the Government violates due process when it withholds from the defendant favorable evidence that is "material either to guilt or punishment." *Id.* at 87.

Rule 16 requires the Government to disclose, upon a defendant's request, any oral or written statements of the defendant, the defendant's prior record, any documents or tangible evidence within the government's possession, custody or control, reports of examinations or tests, and a summary of any expert witness testimony. Fed. R. Crim. P. 16(a). The Jencks Act "generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial." *United States v. Short,* 671 F.2d 178, 185 (6th Cir. 1982). The Government is only required to produce the statement after the witness has testified on direct examination. 18 U.S.C. § 3500(a).

In *Presser*, the Sixth Circuit found that "so long as the defendant is given impeachment material, even exculpatory impeachment material, in time for use at trial," the defendant's Constitutional rights are not violated. 844 F.2d 1275, 1283 (6th Cir. 1988). Further, the Sixth Circuit detailed that the Supreme Court "has made it clear that while the *Brady* rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment, the government typically is the sole judge of what evidence in its possession is subject to disclosure." *Id.* at 1281 (internal citations omitted).

In the present case, the Court's Order on Discovery and Scheduling [Doc. 38] provides:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

[*Id.* at ¶ E].

Therefore, the Court will not compel pre-trial discovery where the Government has already conceded that it is aware of its obligations under *Brady* and *Giglio*, and Defendant has failed to establish that any of these rules require disclosure of the requested material at this time. *See* 18 U.S.C. § 3500(a) ("[N]o statement or report in the possession of the United States which made by a Government witness or prospective Government witness . . . shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."); *Presser,* 844 F.2d at 1281 ("[T]he prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial.") (quoting *U.S. v. Bagley,* 473 U.S. 667, 675 (1985)). Accordingly, Defendant's Motion for Disclosure of Exculpatory Evidence [**Doc. 180**] will be **DENIED**.

VI. **MOTION FOR EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION AND MOTION FOR PRETRIAL WRITTEN NOTICE OF ANY IMPEACHING CONVICTION**

Defendant Fitts moves [Doc. 169] pursuant to Federal Rule of Criminal Procedure 12(b)(4)(B) for the Court to require the Government to timely disclose evidence that it intends to use in its case-in-chief or that would arguably be subject to a suppression motion, as well as to disclose materials that Defendant is entitled to discover under Federal Rule of Criminal Procedure 16. Additionally, Defendant seeks [Doc. 181] for the Court to require the Government to provide written pretrial notice of any impeaching conviction that it intends to use against him, as well as a hearing and ruling on the admissibility of any such conviction prior to trial.

The Government responds [Doc. 203] that it has complied with its discovery obligations as ordered by the Court and as required under Fed. R. Crim. P. 16 and is unaware of any additional evidence which would arguably be subject to suppression. Further, the Government states that Defendant has a copy of his criminal history as prepared by the United States Probation Office and

14

it intends to follow Federal Rules of Evidence 404(b) and 609 regarding any impeaching convictions.

Federal Rule of Evidence 404(b)(2)(A) provides that upon the defendant's request, the Government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." The Court's Order on Discovery and Scheduling [Doc. 38 at ¶ I] states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. The Court finds that Defendant has failed to provide a compelling need for an earlier disclosure. Therefore, the Court finds no reason to disturb the seven-day time frame provided in the previous Order on Discovery and Scheduling [Doc. 38].

Federal Rule of Evidence 609(b)(2) requires the government to give a defendant "reasonable written notice of the intent to *use*" any convictions that are more than ten years old to impeach him or her at trial, should the defendant choose to testify. Rule 609(b)(2) (emphasis added). As with Rule 404(b) evidence, the Court deems reasonable notice to be *seven days* before trial.

Accordingly, Defendant's motion [**Doc. 181**] is **GRANTED in part**, in that if the Government intends to use any of Defendant Fitts' prior convictions that are more than ten years old to impeach him, if he testifies at trial, it must give written notice of the particular conviction and its intent to use the conviction at least seven days before trial. If the admissibility of such evidence becomes an issue at trial, the parties shall, out of the presence of the jury, advise the Chief District Judge, so that the admissibility of the proposed evidence can be determined at that time. However, Defendant's motion for written notice of impeachment evidence is otherwise denied, and Defendant's Motion for Evidence Arguably Subject to Suppression [**Doc. 169**] will be **DENIED**.

15

## VII. CONCLUSION

Accordingly, it is **ORDERED**:

(1) Defendant Fitts' Motion for Evidence Arguably Subject to Suppression [**Doc. 169**] is **DENIED**;

(2) Defendant Fitts' Motion for Notice of Any Rule 404(b) Evidence [**Doc. 170**] is **DENIED**;

(3) Defendant Fitts' Motion for Disclosure of Cooperating Individuals [**Doc. 172**] and Motion for Disclosure of Persons Present [**Doc. 174**] are **DENIED**;

(4) Defendant Fitts' Motion for Hearing on Expert Testimony [**Doc. 176**] is **DENIED**;

(5) Defendant Fitts' Motion to Compel Government Witness and Exhibit List [**Doc. 178**] is **DENIED**;

(6) Defendant Fitts' Motion for Disclosure of Exculpatory Evidence [**Doc. 180**] is **DENIED**; and

(7) Defendant Fitts' Motion for Pretrial Written Notice of any Impeaching Conviction [**Doc. 181**] is **GRANTED IN PART**, solely to the extent that if the Government intends to use any of Defendant Fitts' prior convictions that are more than ten years old to impeach him, if he testifies at trial, it must give written notice of the particular conviction and its intent to use the conviction at least seven days before trial.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge